[Cite as *CitiMortgage, Inc. v. Stanley*, 2018-Ohio-4229.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 2015-CV-0256 |
| | : | |
| SHAWN STANLEY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2018.

. . . . . . . . . . .

KARA A. CZANIK, Atty. Reg. No. 0075165, 7759 University Drive, Suite A, West Chester,
Ohio 45069
    Attorney for Plaintiff-Appellee

BRIAN D. FLICK, Atty. Reg. No. 0081605, MARC E. DANN, Atty. Reg. No. 0039425 and
EMILY WHITE, Atty. Reg. No. 0085662, P.O. Box 6031040, Cleveland, Ohio 44103
    Attorneys for Defendants-Appellants

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendants-appellants, Shawn and Rebecca Stanley, appeal from the trial court's judgment of March 2, 2018, in which the court overruled their motion for relief from its earlier entry of a foreclosure decree in favor of Plaintiff-appellee, CitiMortgage, Inc. Raising a single assignment of error, Appellants argue that the trial court abused its discretion by overruling their motion without holding an evidentiary hearing. We find that the trial court did not abuse its discretion, and we therefore affirm the judgment.

## I. Facts and Procedural History

{¶ 2} Appellee filed a complaint in rem on April 9, 2015, seeking to foreclose on Appellants' residential real property in Jamestown. The complaint named Appellants and four other parties as defendants: Ameristate Bancorp, Inc.; the Greene County Treasurer; Shawnee Hills Property Owners Association, Inc. ("Shawnee Hills"); and the State of Ohio Department of Taxation. Appellants were served with summonses and copies of the complaint but did not file an answer or otherwise respond.[1] Ameristate Bancorp, Inc. was served by publication, though it likewise did not respond to the complaint. The Greene County Treasurer filed an answer on April 16, 2016, asserting a lien for unpaid real estate taxes, and Shawnee Hills filed an answer on May 11, 2015, with which it included cross-claims against Appellants for foreclosure and recovery of unpaid lot assessments. The State of Ohio Department of Taxation disclaimed any interest.

---

[1] The trial court's docket reflects that Shawn Stanley accepted service by certified mail, on his own behalf and on behalf of Rebecca Stanley, on April 11, 2015, and that Rebecca Stanley accepted personal service, on her own behalf and on behalf of Shawn Stanley, on April 13, 2015.

{¶ 3} On August 27, 2015, Appellee moved for default judgment against Appellants and Ameristate Bancorp, Inc. The trial court sustained Appellee's motion in a judgment entry filed on September 17, 2015. In its judgment entry, the court found that all necessary parties had been served; that Appellants and Ameristate Bancorp, Inc. had failed to answer and were in default; that the Greene County Treasurer had "a valid and subsisting first lien" against Appellants' property for "accrued taxes, assessments and penalties" in an amount that was "unascertainable at [that] time"; that Appellee was entitled to foreclose on the property and to recover "the sum of $147,655.62, plus interest at 6.00% per annum from June 1, 2010," along with advances made "for taxes, insurance and property protection" in an amount that would be determined after confirmation of sale; that Shawn Stanley had been relieved of personal liability to Appellee through a Chapter 7 bankruptcy proceeding;[2] and that "there was no just reason for delay as to [Appellee]'s claim." The court made "no finding" regarding the validity of Shawnee Hills's cross-claims, "except to note that such claim[s]" were "inferior and subsequent" to Appellee's lien, and it "ordered [the cross-claim for unpaid assessments to be] transferred to the proceeds derived from the sale" of Appellants' property.

{¶ 4} Shawnee Hills dismissed its cross-claim for foreclosure on October 7, 2015, and moved for default judgment on its cross-claim for unpaid lot assessments. The trial court sustained the motion in a judgment entry filed on November 10, 2015, finding that Shawnee Hills was entitled to recover $4,401.00, plus interest, costs and attorney's fees.

{¶ 5} On March 15, 2016, Appellants, appearing in the case for the first time, filed

---

[2] Shawn Stanley was the sole borrower named in the promissory note secured by the mortgage on Appellants' property, although both of the appellants executed the mortgage as "borrowers." Compl. ¶ 1-2 and Exs. A-B.

a motion for relief from judgment under Civ.R. 60(B), arguing that they had not answered or otherwise responded to Appellee's complaint because they "were led to believe that they were working on a loan modification with [Appellee] in conjunction with a representative [of] the [United States Department of] V[eterans] A[ffairs]," which had guaranteed their loan. Defs.' Mot. to Vacate Judgment Entry 1, Mar. 15, 2016; *see* Compl. Exs. A-B. Before the trial court entered a decision, however, the parties reached an agreement whereby Appellants withdrew their motion, and Appellee cancelled the pending sheriff's sale of Appellants' property.

{¶ 6} Appellants filed a second, substantially similar motion for relief from judgment on September 13, 2016. The trial court referred the case to mediation on December 7, 2016, without ruling on the motion. Mediation continued for roughly 14 months but did not yield a settlement.

{¶ 7} On March 2, 2018, the trial court overruled Appellants' motion. Appellants timely filed their notice of appeal on April 2, 2018.

## II. Analysis

{¶ 8} Initially, we must determine whether we have jurisdiction over this appeal. We entered an order sua sponte on May 2, 2018, indicating that we had "identified an issue potentially affecting the finality" of the trial court's decision on Appellants' motion for relief from judgment. Noting that "[d]ecisions overruling Civ.R. 60(B) motions are * * * final," appealable orders "only where the underlying judgments are also final," appealable orders, we questioned whether the trial court's underlying judgment entry of September 17, 2015, qualifies as final and appealable because, in that entry, the court "fail[ed] to [establish] the amount of the lien held by Shawnee Hills." Appellants argue, on this

basis, that we lack jurisdiction.[3]   Appellee takes the opposite position.

{¶ 9} We have held previously that a judgment entry ordering a foreclosure sale is not a final, appealable order unless, among other things, it determines the priority of all liens against the property and the corresponding amounts due the lienholders.   *See, e.g., Farmers State Bank v. Sponaugle*, 2d Dist. Darke No. 16 CA 00002 (Apr. 18, 2016); *Citizens Natl. Bank of Southwestern Ohio v. Harrison*, 2d Dist. Montgomery No. 26498 (Dec. 3, 2015).   Here, in its judgment entry of September 17, 2015, the trial court did not rule on the validity of Shawnee Hills's lien for unpaid lot assessments or fix the amount due, but it did determine that the lien would be "inferior and subsequent" to Appellee's lien.

{¶ 10} A foreclosure decree may, however, constitute a final, appealable order even if it leaves certain issues unresolved.   For example, "a judgment decree in foreclosure that allows [a mortgagee to recover] unspecified amounts advanced * * * for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts is [nevertheless] a final, appealable order." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 30.   More generally, a foreclosure decree may be deemed a final, appealable order if "all that remains is mathematics, with the court [fixing the] final amounts due [the claimants] after the property has been sold."   *See id.* at ¶ 25.

{¶ 11} Although the trial court did not confirm the validity of Shawnee Hills's lien in its judgment entry of September 17, 2015, or specify the amount due on the lien, the court resolved these issues in its judgment entry of November 10, 2015.   Thus, at the time

---

[3] Appellants presented the same argument in their motions for relief from judgment.

Appellants filed their notice of appeal, the trial court had effectively " 'dispose[d] of the whole merits of the [case, leaving] nothing [else to be] determin[ed],' " with the exception of the "ministerial task of calculating the final amounts" due the claimants during proceedings to confirm the foreclosure sale. *See Roznowski* at ¶ 20 and 43; *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). We hold, therefore, that under the specific circumstances of this case, the trial court's judgment entry of November 10, 2015, was a final, appealable order implicitly incorporating the rulings it made in its earlier judgment entry of September 17, 2015. *See Dibert v. Carpenter*, 2017-Ohio-689, 85 N.E.3d 419, ¶ 49 (2d Dist.), citing *Lingo v. Ohio Cent. RR., Inc. v. Norfolk S. Ry.*, 10th Dist. Franklin No. 05AP-206, 2006-Ohio-2268, ¶ 17 (noting that when a court enters its final judgment in a case, "all interlocutory orders are merged into [that] judgment"). Consequently, the trial court's judgment of March 2, 2018, was likewise a final and appealable order, and we find accordingly that we have jurisdiction over the instant appeal.

{¶ 12} For their single assignment of error, Appellants contend that:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S [SIC] MOTION FOR RELIEF FROM JUDGMENT WITHOUT HOLDING AN EVIDENTIARY HEARING.

{¶ 13} In its judgment of March 2, 2018, the trial court found that Appellants' "neglect in failing to answer [Appellee]'s complaint [was] not excusable" and overruled their motion for relief under Civ.R. 60(B) as a result. The court did not hold a hearing on

the motion before entering judgment. *See* Appellants' Br. 9; Appellee's Br. 10. Appellants argue that the trial court abused its discretion by ruling on the motion without holding a hearing because it thereby "missed key[,] operative facts that clearly demonstrate excusable neglect under existing Ohio law." Appellants' Br. 9-10. Specifically, Appellants refer to their reliance on statements made by a representative of the United States Department of Veterans Affairs to the effect "that they could pursue foreclosure prevention options outside of court for up to [one] year before they would face a foreclosure sale." Appellants' Br. 11.

{¶ 14} To prevail on a motion for relief from judgment under Civ.R. 60(B), the moving parties must demonstrate: first, that they have "a meritorious defense or claim to present if relief is granted"; second, that they are "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)"; and third, that their "motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St. 2d 146, 150-151, 351 N.E.2d 113 (1976); *Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co.*, 2d Dist. Montgomery No. 24843, 2012-Ohio-3387, ¶ 20 [hereinafter *Dayton Lodge*], citing *GTE Automatic* at paragraph two of the syllabus. All "three [of the] elements must be established, and 'the test is not fulfilled if any one of the requirements is not met.' " *Dayton Lodge* at ¶ 20, quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). On appeal, a trial court's ruling on a motion under Civ.R. 60(B) is reviewed for abuse of discretion. *Deutsche Bank Natl. Trust Co. v. Jones*, 2d Dist. Montgomery No. 27936, 2018-Ohio-3286, ¶ 18, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 15} Appellants argue that the trial court should have found that they were entitled to relief pursuant to Civ.R. 60(B)(1), which allows a party to be relieved from a final judgment on the basis of "mistake, inadvertence, surprise or excusable neglect," because they were "inexperienced [with] litigation" and "reasonably, but mistakenly," relied on the advice of the Department of Veterans Affairs. Appellants' Br. 11-12. Yet, parties "involved in litigation" are responsible for keeping themselves "informed of the status of the case," and Appellants do not deny that they were served with summonses and copies of Appellee's complaint, meaning that they were aware of the foreclosure action against them. *PHH Mtge. Corp. v. Northrup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 8 [hereinafter *Northrup*]. Furthermore, Appellants' belief that they were not required to answer or otherwise respond to the complaint because they were attempting to negotiate a loan modification "does not amount to excusable neglect under Civ.R. 60(B)(1)." *PNC Mtge. v. Oyortey*, 5th Dist. Delaware No. 11 CAE 10 0093, 2012-Ohio-3237, ¶ 34; *see also Northrup* at ¶ 8 and 22.

{¶ 16} Finally, a "party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion." *Northrup* at ¶ 28. Instead, "to demonstrate [an] entitle[ment] to a hearing," the moving party "must allege operative facts that would warrant relief under" the rule. *Id.* Appellants presented essentially the same argument for excusable neglect to the trial court and submitted evidence documenting the progress of their attempts to negotiate a loan modification. The trial court cited this evidence repeatedly in its judgment of March 2, 2018, but concluded that none of the evidence "demonstrate[d] that the [department] or [Appellee] intentionally mis[led] [Appellants] into not filing an answer" to the complaint. Absent evidence of intentionally

misleading conduct on the part of Appellee, the trial court found that Appellants had simply chosen to "ignore the litigation until months after [the entry of default] judgment."   Given that Appellants' mistaken belief that they were not required to file an answer during the pendency of negotiations for a loan modification did not, of itself, excuse their failure to respond to the complaint, a hearing was not warranted either by the allegations Appellants set forth in their motion, or by the evidence they submitted in support.   Appellants' assignment of error is overruled.

### III. Conclusion

**{¶ 17}** We find that the trial court did not abuse its discretion by overruling Appellants' motion for relief from judgment.   Appellants did not demonstrate that they failed to answer or otherwise respond to Appellee's complaint as the result of excusable neglect for purposes of Civ.R. 60(B)(1), nor did they allege operative facts warranting a hearing on their motion.   Therefore, the trial court's judgment entry of March 2, 2018, is affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring:

**{¶ 18}** I do not believe that "excusable neglect" requires a determination that the Appellants were intentionally misled by the Appellee or a third party.   The focus should be on whether the Appellants' reliance on the representations of another was reasonable under all the circumstances – and therefore excusable.

**{¶ 19}** Here, the VA advised the Appellants that they had up to 360 days to work with the servicer "up to the foreclosure sale date, if one is eventually set."   There was no

representation that the "foreclosure prevention options" would, for a specific period of time, prevent the filing of a foreclosure complaint and that Appellants could thereby avoid a foreclosure judgment. Rather, an underlying premise of the VA's statements was that a foreclosure action may be filed. The VA informed Appellants that they could pursue foreclosure prevention options for a period of time before the property would be sold because of a foreclosure judgment.

{¶ 20} Given the complicated nature of foreclosure actions, those unfamiliar with the foreclosure process may not fully appreciate the distinction between negotiating to avoid a foreclosure action and negotiating until a foreclosure sale. Nevertheless, under the unique circumstances of this case, the trial court did not abuse its discretion in determining that Appellants' failure to respond to the foreclosure action based on the VA's statements was not excusable neglect.

Copies sent to:

Kara A. Czanik
Brian D. Flick
Marc E. Dann
Emily White
Ameristate Bancorp, Inc.
Greene County Treasurer
Ohio Department of Taxation
Shawnee Hills Property Owners Association, Inc.
Hon. Stephen Wolaver