[Cite as *Tax Ease Ohio, L.L.C. v. Wells*, 2018-Ohio-4346.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TAX EASE OHIO LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27920 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-3207 |
| | : | |
| RICK WELLS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 26th day October, 2018.

. . . . . . . . . .

AUSTIN B. BARNES III, Atty. Reg. No. 0052130 and ANDREW M. TOMKO, Atty. Reg. No. 0090077, 1213 Prospect Avenue, Suite 300, Cleveland, OH 44115
    Attorneys for Plaintiff-Appellee Tax Ease Ohio LLC

THOMAS W. KENDO, JR., Atty. Reg. No. 0058548 and GABRIELLE R. NEAL, Atty. Reg. No. 0092770, 7925 Paragon Road, Centerville, Ohio 45459
    Attorneys for Defendants-Appellants Rick Wells and Joan Wells (fka Joan Thorn)

MELANIE CORNELIUS, Atty. Reg. No. 0029808 and JOSEPH M. MCCANDLISH, Atty. Reg. No. 0073775, Ohio Attorney General's Office, 150 East Gay Street, 21st Floor, Columbus, OH 43215
    Attorneys for Defendants-Appellees State of Ohio and Ohio Department of Taxation

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Rick Wells and Joan Wells (fka Joan Thorn), who are siblings, appeal from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Tax Ease Ohio LLC on its tax certificate foreclosure action. For the following reasons, the Wellses' appeal will be dismissed.

## I. Procedural History

{¶ 2} On June 24, 2016, Tax Ease Ohio LLC filed a complaint to foreclose on tax certificates concerning the Wellses' property that it allegedly purchased from the Montgomery County Treasurer. The complaint named the Wellses, their unknown spouses, the United States government, the State of Ohio, the Ohio Department of Taxation, and the Montgomery County Treasurer as defendants. Tax Ease Ohio attached several documents to its complaint, including copies of four separate tax certificates, the Notice of Intent to Foreclose regarding three of those certificates, a preliminary judicial report with attachments, and a Notice of Federal Tax Lien for unpaid assessments totaling $12,887.95.

{¶ 3} Certified mail service upon Joan Wells was unsuccessful, and the complaint and summons were subsequently sent by regular mail. Neither of the Wellses filed answers, and the trial court granted a default judgment against them.

{¶ 4} On September 8, 2016, the trial court entered a judgment and decree of foreclosure, finding that Tax Ease Ohio was the vested holder of four identified tax certificates with specific amounts due, that the tax certificates constituted a first and valid lien on the property, that the United States government, the State of Ohio, and the Ohio Department of Taxation may have interests that were inferior to Tax Ease Ohio's lien, and

that taxes and assessments may be due to the Montgomery County Treasurer. The trial court ordered the Wellses' property to be sold. In July 6, 2017, the property was sold at public auction for $60,000.

{¶ 5} On July 14, 2017, the Wellses objected to the confirmation of the sale, claiming that the trial court's judgment was not a final appealable order. Joan Wells separately moved to "quash service and vacate [the] judgment" against her, claiming that she had not been properly served and that the judgment against her was void. On August 18, 2017, the trial court found that service against Joan Wells was not perfected, and it rescinded the default judgment against her and the judicial sale of the property. Soon thereafter, Tax Ease Ohio successfully served Joan Wells with the summons and complaint, and she filed an answer.

{¶ 6} On October 4, 2017, Tax Ease Ohio filed a motion for summary judgment on its foreclosure claim. The motion was supported by the affidavit of Sarah Timmons, the "Asset Manager as Authorized Agent of Tax Ease Ohio, LLC," who stated, in part, that "Tax Ease Ohio, LLC is the holder and owner of the tax certificates attached to the complaint filed on June 24, 2016; these certificates are a true and accurate copy of the tax certificates sold to Tax Ease Ohio, LLC by the Montgomery County Treasurer." (Timmons Aff. ¶ 7.)

{¶ 7} The Wellses opposed Tax Ease Ohio's summary judgment motion and sought summary judgment in their favor. First, they argued that Tax Ease Ohio was not the purchaser or current owner of the tax certificates, as the purchaser is listed as "U.S. Bank as custodian for: Tax Ease Ohio, LLC." They contended that, as a result, Tax Ease Ohio was not the real party in interest, Tax Ease Ohio lacked standing to bring the tax

certificate foreclosure action, and the Notice of Intent to Foreclose was invalid. Second, they argued that Tax Ease Ohio's Notice of Intent to Foreclose omitted one tax certificate and, therefore, its suit was filed prematurely. Finally, the Wellses argued that U.S. Bank failed to preserve the right to enforce the three tax certificates that were the basis for the suit.

{¶ 8} On December 15, 2017, the Wellses moved to strike paragraph seven of Timmons's affidavit, which stated that Tax Ease Ohio was "the holder and owner of the tax certificates."

{¶ 9} On January 31, 2018, the trial court sustained Tax Ease Ohio's summary judgment motion, overruled the Wellses' cross-motion for summary judgment, and overruled the Wellses' motion to strike paragraph seven of Timmons's affidavit. The trial court concluded that Timmons's affidavit established that Tax Ease Ohio purchased the tax certificates at issue, that Tax Ease Ohio was the "tax certificate holder" under R.C. 5721.30(C), that Tax Ease Ohio had standing and was the real party in interest, that the Notice of Intent to Foreclose was valid, and that Tax Ease Ohio could foreclose on all four tax certificates. The trial court entered judgment and a decree of foreclosure and ordered the property to be sold.

{¶ 10} The Wellses appeal from the trial court's judgment, raising three assignments of error. On March 23, 2018, we ordered the parties to address in their appellate briefs whether the trial court's judgment constituted a final appealable order.

## II. Final Appealable Order

{¶ 11} As a threshold matter, we must determine whether the trial court's January 31, 2018 judgment and decree of foreclosure constitutes a final appealable order. This

court lacks jurisdiction to review an order or judgment that is not final. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 520 N.E.2d 266 (1989). "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶ 12} The final judgment in a foreclosure proceeding "will determine the rights of all the parties in the premises sought to be foreclosed upon." *Farmers State Bank v. Sponaugle*, 2017-Ohio-4322, 92 N.E.3d 355, ¶ 22 (2d Dist.), quoting *Marion Production Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 270, 533 N.E.2d 325 (1988). We have previously held that a judgment entry ordering a foreclosure sale is not a final, appealable order unless, among other things, it determines the priority of all liens against the property and the corresponding amounts due the lienholders. *See, e.g., Farmers State Bank v. Sponaugle*, 2d Dist. Darke No. 16 CA 2 (Apr. 18, 2016); *see also Roznowski* at ¶ 20 (for a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor).

{¶ 13} A foreclosure decree may, however, constitute a final, appealable order even if it leaves certain issues unresolved. *CitiMortage, Inc. v. Stanley*, 2d Dist. Greene No. 2018-CA-13, 2018-Ohio-4229, ¶ 10. For example, "a judgment decree in foreclosure that includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment is a final, appealable order pursuant to R.C. 2505.02(B)(1)." *Roznowski* at ¶ 19. More generally, a foreclosure decree may

be deemed a final, appealable order if "all that remains is mathematics, with the court plugging in final amounts due [the claimants] after the property has been sold at a sheriff's sale." *Id.* at ¶ 25.

{¶ 14} In its January 31, 2018 judgment entry and decree of foreclosure, the trial court found that all necessary parties had been served, that Rick Wells and the unknown spouses of the Wellses had failed to answer and their claims were barred, and that Tax Ease Ohio was the purchaser and holder of certain tax certificates and was entitled to foreclose on them. The entry specified the sums due to Tax Ease Ohio on those certificates, as well as the amount paid by Tax Ease Ohio under R.C. 5721.37(B)(2) when the Notice of Intent to Foreclose was filed, and the amounts due to Tax Ease Ohio's attorney. The trial court further found that the tax certificates held by Tax Ease Ohio constituted a first and valid lien against the Wellses' property.

{¶ 15} As to the liens of the government defendants, the trial court made the following specific findings:

3. The Court finds there may be due to the Treasurer of Montgomery County, Ohio, taxes, accrued taxes, assessments, penalties and interest on the premises described herein, the exact amount of said taxes, accrued taxes, assessments, penalties and interest are unascertainable at this time, but will be determined at the time of the Sheriff's sale of said premises and be set forth and paid pursuant to R.C. §5721.39(A)(4) and (D)(3);

4. The Court finds that Defendant United States of America, claims some right, title, interest or lien upon the premises described, as set forth in their Answers filed herein, but that any right, title, interest, claim or liens said

Defendant may have are inferior and subsequent to the lien of the Plaintiff. The Court makes no finding at this time as to the right, title, interest or lien of said Defendant as set forth in its pleadings, except to note that such claim, right, title, interest or lien of said Defendant is hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable, and the amount found due the Plaintiff, and the same is hereby ordered continued until further order;

5. The Court finds that Defendants, State of Ohio and State of Ohio Department of Taxation, has a lien or liens on the property as set forth [in the] title reports filed herein. The liens of Defendants, State of Ohio and State of Ohio Department of Taxation, are inferior and subsequent to the lien of the Plaintiff. The Court makes no further finding at this time as to the liens of Defendants, State of Ohio and State of Ohio Department of Taxation, except to note that such liens are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable, and the amount found due the Plaintiff, and the same is hereby ordered continued until further order[.]

{¶ 16} Tax Ease Ohio argues, citing *Wells Fargo Bank N.A. v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102, that the trial court's treatment of the liens of the Montgomery County Treasurer, United States government, State of Ohio, and Ohio Department of Taxation was sufficient to set forth the rights of each of these lienholders.

Tax Ease Ohio further argues that R.C. 2329.192 grants special status to state lienholders and special protection to state liens in judicial sales.

{¶ 17} In *Maxfield*, the trial court's judgment entry found that (1) the county treasurer was due taxes, assessments and penalties, the exact amount of which was unascertainable at that time, (2) the homeowners owed Wells Fargo $275,577 plus interest and that Wells Fargo had a valid first mortgage lien, subject only to the county treasurer's lien, and (3) the Ohio Department of Taxation "may have some right, title, interest, lien, or claim", but any right was inferior to Wells Fargo's lien. The Twelfth District concluded that the judgment was a final appealable order, stating:

> The foregoing establishes the items of damage for which appellants are liable and the priority of the rights of the parties. The determination of the amounts due for real estate taxes and the "undisputed" [Ohio] Tax Lien are not ascertainable until the Property is sold due to the accrual of interest and additional taxes, penalties, and other new costs. Additionally, pursuant to R.C. 2329.192(B)(3), the Tax Lien is subject to judicial notice during the proceedings upon confirmation of the sale of the Property. Therefore, the calculation of the amounts due the county treasurer and the Ohio Department of Taxation is ministerial. The Final Judgment Entry for Foreclosure therefore satisfies the Ohio Supreme Court's rule in *Roznowski* that an entry is final and appealable when it fully sets forth "[e]ach party's rights and responsibilities," subject only to the ministerial task of calculating the final amounts at the confirmation proceedings. *See Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140 at ¶ 20.

*Maxfield* at ¶ 29.

**{¶ 18}** We agree with *Maxfield*'s conclusion that the judgment entry at issue therein adequately set forth the amounts and priority of the county treasurer's interest in the property. The trial court's judgment in this case uses similar language to the judgment in *Maxfield* regarding the county treasurer's interest, and we find that the language is also adequate. We likewise recognize that R.C. 2329.192 provides special status to state lienholders, who are not required to appear unless the amount, validity or priority of the lien is disputed. Under R.C. 2329.192(C), the state lienholder is entitled to payment from the proceeds of the sale of the real estate in accordance with the state lienholder's priority as set forth in the final judicial report.[1]

**{¶ 19}** We nevertheless conclude that the trial court failed to properly set forth the rights and priority of the federal government's claim, an interest that was not at issue in *Maxfield*. In so concluding, we rely on our recent opinion in *Stanley*, 2d Dist. Greene No. 2018-CA-13, 2018-Ohio-4229, which concerned whether the trial court had issued a final appealable order in a residential foreclosure action, such that the homeowner could seek relief from judgment pursuant to Civ.R. 60(B).

**{¶ 20}** In *Stanley*, the mortgagee filed a foreclosure action naming the homeowners, another bank, the county treasurer, and the homeowners' association as party-defendants; the homeowners' association filed cross-claims for foreclosure and for unpaid lot assessments. In its judgment entry, the trial court found, in part, that all

---

[1] The Wellses claim that R.C. 2329.192 is unconstitutional, because it modifies the rules of procedure that govern Ohio civil litigants. The Wellses did not raise this issue in the trial court, and we need not reach this issue to resolve the finality issue. Accordingly, we decline to address it.

necessary parties had been served; that the homeowners and the bank had failed to answer and were in default; that the Greene County Treasurer had "a valid and subsisting first lien" against the property for "accrued taxes, assessments and penalties" in an amount that was "unascertainable at [that] time"; and that the plaintiff-mortgagee was entitled to foreclose on the property and to recover $147,655.62, plus interest and advances made "for taxes, insurance and property protection" in an amount that would be determined after confirmation of sale. The court made "no finding" regarding the validity of the homeowners' association's cross-claims, except to note that such claims were "inferior and subsequent" to the plaintiff-mortgagee's lien, and it ordered the cross-claim for unpaid lot assessments "to be transferred to the proceeds derived from the sale" of the property. *Stanley* at ¶ 3.

{¶ 21} The homeowners' association later dismissed its cross-claim for foreclosure and sought a default judgment on its claim for unpaid lot assessments. The trial court granted the motion, finding that the association was entitled to recover $4,401, plus interest, costs, and attorney's fees. *Id.* at ¶ 4. The homeowners subsequently appeared and sought relief from judgment, pursuant to Civ.R. 60(B), which the trial court denied. *Id.* at ¶ 5.

{¶ 22} On appeal from the denial of their Civ.R. 60(B) motion, we sua sponte ordered the parties to address whether the trial court had issued a final appealable order. Upon consideration of that issue, we concluded that the trial court's initial judgment entry was not a final appealable order, because it did not confirm the validity of the homeowners' association's lien or specify the amount due on the lien. *Stanley* at ¶ 11. Nevertheless, we noted that the trial court resolved these issues when it granted the

association's subsequent motion for default judgment. We thus concluded that the judgment granting the homeowners' association's motion for default judgment was a final appealable order from which the homeowners could seek relief under Civ.R. 60(B). *Id.*

{¶ 23} In this case, the trial court's treatment of the possible claim by the United States government suffers the same infirmities as the initial entry regarding the homeowners' association's claim in *Stanley*. The trial court found that the United States government "claim[ed] some right, title, interest or lien upon the premises described," but the trial court made "no finding" that the United States government, in fact, had a valid claim or lien against the Wellses' property, nor did the court specify the amount of the government's claim or lien. In addition, the trial court made no determination of the priority of the lien that the United States government "may have" in relation to the other governmental claimants. Rather, the trial court merely indicated that any possible right by the United States government was subordinate to Tax Ease Ohio's lien, and it ordered "such claim, right, title, interest or lien of said Defendant [* * * to be] transferred to the proceeds derived from the sale of said premises * * *."

{¶ 24} At oral argument, the State of Ohio asserted, citing 28 U.S.C. 2410 (Actions affecting property on which United States has lien), that the trial court's order with respect to the United States government's claim was adequate. That statute provides that the United States may be named as a party in foreclosure actions, 28 U.S.C. 2410(a)(2), and it describes what the pleading or complaint must include as to the United States' interest or lien, 28 U.S.C. 2410(b). In addition, the statute requires a judicial sale to be sought in any foreclosure action in which the United States is named as a party and describes the government's right to redeem. 28 U.S.C. 2410(c), (d). Finally, the statute provides for

the person whose property is subject to a lien to request the lien to be extinguished. 28 U.S.C. 2410(e). We find nothing in 28 U.S.C. 2410 that relieved the trial court from its obligation to determine the validity and priority of the United States' lien. In the absence of such a determination, the trial court's judgment entry on appeal was not a final appealable order.

{¶ 25} Moreover, we note that, in her answer, Joan Wells denied that the United States government and the State of Ohio had any lien or other interest in the property and she disputed "all sums claimed by either of them." (Answer ¶ 6.) The Preliminary Judicial Report identified a federal tax lien against Audrey Wells, a prior owner, whose listed address was different from the property at issue; in its answer, the United States stated that "[a]ny interest it has in the property is by virtue of a federal tax lien against taxpayer Audrey Wells." The Notice of Federal Tax Lien itemized four assessments in 2005 and stated that "[f]or each assessment listed below, unless the notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a)."[2] For each assessment listed on the Notice, the last day for refiling in column (e) was a 2015 date; the foreclosure complaint was filed in June 2016. Further, the Preliminary Judicial Report reflected that the liens of the State of Ohio and the Ohio Department of Taxation were based on certificates of judgment against Ricky L. Wells, with no address shown.

{¶ 26} We state no opinion as to whether Joan Wells's denials in her answer were sufficient to dispute the potential claims by the United States and the Ohio defendants.

---

[2] 26 U.S.C. (IRC) 6325(f)(1)(A) further provides that, in the case of a certificate of release, "such certificate shall be conclusive that the lien referred to in such certificate is extinguished[.]"

## III. Conclusion

**{¶ 27}** The Wellses' appeal will be dismissed for lack of a final appealable order.

. . . . . . . . . . . .

WELBAUM, P. J. and TUCKER, J., concur.

Copies sent to:

Austin B. Barnes III
Andrew M. Tomko
David T. Brady
Suzanne M. Godenswager
Brian S. Gozelanczyk
Melanie Cornelius
Joseph McCandlish
Kevin Koller
Michele Phipps
Thomas W. Kendo, Jr.
Gabrielle R. Neal
Hon. Dennis J. Adkins