[Cite as *Tax Ease Ohio, L.L.C. v. Wells*, 2020-Ohio-306.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TAX EASE OHIO LLC | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28376 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-3207 |
| | : | |
| RICK WELLS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of January, 2019.

. . . . . . . . . .

H

MELANIE CORNELIUS, Atty. Reg. No. 0029808 and JOSEPH McCLANDISH, Atty. Reg. No. 0073775, Ohio Attorney General's Office, Collections Enforcement Section, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215
        Attorneys for Intervenor-Appellee, Attorney General of Ohio

DAVID T. BRADY, Atty. Reg. No. 0073127, AUSTIN B. BARNES, III, Atty. Reg. No. 0052130, BRIAN S. GOZELANCZYK, Atty. Reg. No. 0090858, SUZANNE M. GODENSWAGER, Atty. Reg. No. 0086422 and MARK M. SCHONHUT, Atty. Reg. No. 0093698, 1213 Prospect Avenue, Suite 300, Cleveland, Ohio 44115
        Attorneys for Plaintiff-Appellee

ANDREW M. ENGEL, Atty. Reg. No. 0047371, THOMAS W. KENDO, JR., Atty. Reg. No. 0058548 and GABRIELLE R. NEAL, Atty. Reg. No. 0092770, 7925 Paragon Road, Dayton, Ohio 45459
        Attorneys for Defendants-Appellants

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendants-appellants, Rick Wells and Joan Wells, appeal from the trial court's final judgment of April 8, 2019, an amended version of a judgment entered originally on January 31, 2018, in which the court sustained the motion of Plaintiff-appellee, Tax Ease Ohio, LLC ("Tax Ease"), for summary judgment on its complaint for foreclosure.   Raising three assignments of error, Appellants argue that the trial court erred by overruling their motion to strike a portion of the affidavit offered by Tax Ease in support of its motion for summary judgment; by disregarding a genuine dispute of material fact with respect to the question of Tax Ease's standing; and by recognizing the validity of the State's liens against the real property identified in the complaint.   For the following reasons, the trial court's judgment is affirmed.

### I. Facts and Procedural History

{¶ 2} On June 24, 2016, Tax Ease filed a complaint pursuant to R.C. 5721.37, seeking to foreclose on Appellants' real property located at 10130 Union Road in Miamisburg.   Tax Ease asserted that it had standing to bring the action as the holder of four tax certificates it purchased from the Montgomery County Treasurer under the provisions of R.C. 5721.33—specifically, Tax Certificate Nos. 2013-0000000044, 2013-0000000364, 2014-0000000349 and 2015-0000000300.   *See* Complaint, Montgomery C.P. No. 2016 CV 03207 (June 24, 2016), ¶ 2-4, 11-12 and Ex. A.   The certificates themselves indicate that they were purchased on behalf of Tax Ease by "US Bank as

custodian for Tax Ease Ohio, LLC."[1]  *See id.* at Ex. A.

{¶ 3} Appellants did not timely answer or otherwise respond to the complaint.  Tax Ease filed a motion for default judgment on September 6, 2016, and on September 8, 2016, the trial court sustained the motion and entered a foreclosure decree.  Appellants' real property was thereafter sold at a sheriff's auction on July 6, 2017.

{¶ 4} Eight days later, Joan Wells moved on her own behalf to quash service, to vacate the judgment entry of September 8, 2016, and to vacate the sale of the property, arguing pursuant to Civ.R. 4.6(C) that Tax Ease had improperly attempted to serve her by ordinary mail following an unsuccessful attempt to serve her by certified mail.  The trial court entered a decision sustaining the motion on August 18, 2017, in which it found that Ms. Wells had not been properly served with process, but on August 22, 2017, Tax Ease filed its own motion to vacate judgment, requesting much the same relief as Ms. Wells had requested.  In a decision entered on September 1, 2017, the court sustained Tax Ease's motion, again finding that Ms. Wells had not been properly served with process; consequently, the court ordered "that the [j]udgment rendered September 8, 2016, [be] vacated as to Defendant[,] Joan [Wells], ONLY," and that "the sale held on July 6, 2017[,] [be] vacated," as well.[2]  (Emphasis sic.)  Order Vacating Judgment 1-2, Sept.

---

[1] Tax Certificate No. 2013-0000000364 lists "Tax Ease Ohio, LLC" as the "[c]ertificate [p]urchaser," though the words "US Bank as [c]ustodian" were interposed in a different typeface above the words "Tax Ease Ohio, LLC."  Complaint, Montgomery C.P. No. 2016 CV 03207 (June 24, 2016), Ex. A.  Whether the reference to US Bank was a correction made at the time the certificate was originally prepared, or a subsequent addition, is unclear.

[2] Neither the trial court nor the parties indicated for the record why Tax Ease filed its motion, but the differences between the text of the court's decision of August 18, 2017, and the text of its decision of September 1, 2017, suggest that Tax Ease wanted the court to clarify that Rick Wells remained subject to the default judgment.  The court also

1, 2017. Rick Wells never filed an answer or other response to the complaint, nor did he move to vacate the default judgment against him.

{¶ 5} On October 4, 2017, Tax Ease filed a motion for summary judgment accompanied by an affidavit in support. The affiant, Sarah Timmons, averred among other things that Tax Ease was the "holder and owner" of the tax certificates "attached to the complaint." *See* Affidavit of Sarah Timmons ¶ 7, Sept 27, 2017. Appellants responded with a motion to strike the foregoing averment, as well as a cross-motion for summary judgment in which they argued that the complaint should have been dismissed because Tax Ease lacked standing.

{¶ 6} The trial court entered judgment in favor of Tax Ease on January 31, 2018. Appellants filed a notice of appeal on March 1, 2018, but this court dismissed the appeal on October 26, 2018, for want of a final, appealable order. *Tax Ease Ohio, L.L.C. v. Wells*, 2d Dist. Montgomery No. 27920, 2018-Ohio-4346, ¶ 19 and 27. On April 8, 2019, the trial court entered an amended judgment, and on May 1, 2019, Appellants timely commenced the instant appeal.

## II. Analysis

{¶ 7} For their first assignment of error, Appellants contend that:

THE TRIAL COURT ERRED IN FAILING TO STRIKE A PORTION

OF MS. TIMMONS'S AFFIDAVIT.

{¶ 8} Appellants moved the trial court to strike Paragraph 7 of the affidavit, in which

---

ordered in its decision of September 1st that the deposit paid by the purchaser at the sheriff's auction be refunded; the court had not addressed the purchaser's deposit in its decision of August 18th.

Timmons averred that "Tax Ease Ohio, LLC is the holder and owner of the tax certificates attached to the complaint filed on June 24, 2016; these certificates are a [sic] true and accurate copy [sic] of the tax certificates sold to Tax Ease Ohio, LLC by the Montgomery County Treasurer."[3]   Defendants' Motion to Strike 1-2, Dec. 15, 2017; Timmons Aff. ¶ 7. The trial court overruled the motion in its judgment entry of January 31, 2018.

{¶ 9} On review of a trial court's ruling on a motion to strike, an appellate court determines whether the trial court abused its discretion.   *Bank of New York Mellon Trust Co., N.A. v. Herres*, 2d Dist. Montgomery No. 25890, 2014-Ohio-1539, ¶ 35.   An abuse of discretion is an "unreasonable, arbitrary or unconscionable" exercise of authority.   *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   In the case at hand, the question is whether the trial court exercised its authority unreasonably, arbitrarily or unconscionably by finding that Timmons's affidavit fulfilled the requirements of Civ.R. 56(E), under which an affidavit submitted in support of, or in opposition to, a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶ 10} Appellants posit that an affiant must qualify as an expert to be deemed

---

[3] Appellants nominally requested that the court strike only "a portion" of Paragraph 7 of Timmons's affidavit.   Defendants' Motion to Strike 1, Dec. 15, 2017.   The "portion" to which they referred was Timmons's "assert[ion] that 'Tax Ease Ohio, LLC is the holder and owner of the tax certificates * * * sold to Tax Ease Ohio, LLC by the Montgomery County Treasurer.' " (Ellipsis sic.)   *Id.* at 2, quoting Timmons Aff. ¶ 7.   Had the trial court granted Appellants' request, the unstricken remainder would have consisted of the following: "attached to the complaint on June 24, 2016; these certificates are a true and accurate copy of the tax certificates."   *See* Timmons Aff. ¶ 7.   Effectively, then, Appellants requested that the court strike the whole of Paragraph 7.

competent to offer affidavit testimony regarding the ownership of property, inasmuch as the "[o]wnership of something, especially statutorily created assets such as * * * tax certificates, * * *, is a legal issue." Appellants' Brief 12. In reliance on this proposition, Appellants argue that the trial court abused its discretion by overruling their motion to strike because Timmons did not provide the court "with any foundational evidence that would [have] permit[ted] her to be qualified as an expert or [to] testify" that Tax Ease is the holder of the certificates. *Id.*

{¶ 11} Timmons's affidavit itself is poorly written, has apparently not benefitted from proofreading, and is obviously the result of the haphazard use of a template. For instance, Timmons twice referred to an "attached statement," though no "statement" was attached, and she tautologically indicated that she was "the Asset Manager as Authorized Agent of Tax Ease Ohio, LLC, and thus a duly authorized agent of Tax Ease Ohio, LLC." Timmons Aff. ¶ 4, 6, 8 and Exs. A-B.[4] In addition, Timmons did not indicate when her employment with Tax Ease began, yet her employment as "Asset Manager" was the only discernible basis for her claim to have "personal knowledge of all the information set for [sic] in [the] affidavit."[5] *See* Timmons Aff. ¶ 3-10. Tax Ease purchased the tax certificates between June 12, 2013, and October 2, 2015, whereas Timmons's affidavit

---

[4] The copies of the tax certificates attached to Timmons's affidavit were collectively labelled Exhibit "A," but Timmons did not refer to them by that designation. Timmons Aff. ¶ 1-10 and Ex. A. Similarly, Timmons made no reference at all to the attached "Notice of Intent to Foreclose," which was labelled Exhibit "B." *Id.* at ¶ 1-10 and Ex. B.

[5] Timmons, a "reside[nt] [of] Dallas County, Texas," averred that she was "familiar with P[arcel Number] K50 02509 0040," and that she had "reviewed the attached * * * tax certificates for P[arcel Number] K50 02509 0040," but she presented no affidavit testimony suggesting that she acquired personal knowledge of these matters independently of her employment with Tax Ease. *See* Timmons Aff. ¶ 1-10.

was notarized on September 27, 2017.

{¶ 12} Appellants' argument nevertheless lacks merit. Although words such as "holder" and "ownership" represent legal concepts, they also represent factual concepts that are well "within the ordinary, common and general knowledge and experience of [hu]mankind." (Citation omitted.) *See, e.g.*, *Ramage v. Cent. Ohio Emergency Servs., Inc.*, 64 Ohio St.3d 97, 103, 592 N.E.2d 828 (1992) (discussing the " 'common knowledge exception' " to the general requirement that expert testimony is necessary to establish proximate cause in actions for medical malpractice). For example, a representative definition of the word "holder," in ordinary usage, is "a person [who] holds" something as an "owner [or a] tenant," and a likewise representative definition of the word "ownership" is "the state, relation, or fact of being an owner."[6] *Merriam-Webster's Collegiate Dictionary* 552 and 831 (10th Ed.1993). The average apartment tenant would, accordingly, be competent to testify that she is the "holder" of the premises described in her lease, and similarly, the average retail consumer would be competent to testify that she had "ownership" of an item she purchased.

{¶ 13} R.C. 5721.30(C) defines the term "[c]ertificate holder" as "a person, including a county land reutilization corporation, [who] purchases or otherwise acquires a tax certificate under [R.C.] 5721.32, 5721.33, or 5721.42 * * *, or a person to whom a tax certificate has been transferred pursuant to [R.C.] 5721.36." Tax Ease purchased Tax

---

[6] The Ohio Revised Code states that the word " '[o]wner' means, unless the context requires a different meaning, any person, * * *, who is the owner of, * * *, property or services, even though the ownership, * * * is unlawful." R.C. 2913.01(D). This definition, such as it is, seems to reflect ordinary usage and is likely to be as comprehensible to those without legal expertise as it is to those with legal expertise.

Certificate Nos. 2013-0000000044, 2013-0000000364, 2014-0000000349 and 2015-0000000300 pursuant to R.C. 5721.33.   *See* Complaint, Montgomery C.P. No. 2016 CV 03207 (June 24, 2016), ¶ 2-4, 11-12 and Ex. A.   Therefore, to establish her competency to aver that Tax Ease was the "holder" of the certificates, Timmons needed to demonstrate little more than a first-hand awareness that the foregoing transactions had occurred, or at least, a first-hand awareness that Tax Ease had possession of the certificates.   *See* R.C. 5721.30(C); *see also* R.C. 5721.33(G) (directing the "county treasurer [to] transfer the tax certificates to the certificate holder" upon the treasurer's "receipt of the full payment from the purchaser of the certificate[s'] purchase price").   The nature of Timmons's employment supported her claim to have personal knowledge that Tax Ease had possession of the certificates, regardless of whether she had personal knowledge of the certificates' acquisition.[7]

**{¶ 14}** In its decision of January 31, 2018, the trial court held that Timmons was competent to offer affidavit testimony to the effect that Tax Ease had possession of the certificates, and the court consequently overruled Appellants' motion to strike.   *See* Decision, Order and Entry Sustaining Plaintiff's Motion for Summary Judgment 5, Jan. 31, 2018.   We find that the court did not thereby abuse its discretion.   Appellants' first assignment of error is overruled.

---

[7] Timmons averred that copies of the certificates "sold to Tax Ease Ohio, LLC" were attached to the complaint.   Timmons Aff. ¶ 7.   She did not, however, clarify whether she had first-hand knowledge of the sales—e.g. as an employee of Tax Ease at the time, if applicable—or had simply relied on the text of the certificates, which state that they were purchased on behalf of Tax Ease.   Complaint, Montgomery C.P. No. 2016 CV 03207 (June 24, 2016), Ex. A.   Simply reading the certificates would not have provided Timmons with personal knowledge of the underlying transactions.

{¶ 15} For their second assignment of error, Appellants contend that:

THERE EXIST GENUINE ISSUES OF MATERIAL FACT WHICH

PRECLUDE SUMMARY JUDGMENT[.]

{¶ 16} Tax Ease moved for summary judgment on October 4, 2017, and on January 31, 2018, the trial court sustained the motion and entered judgment in favor of Tax Ease. Appellants attempted to appeal the judgment, but we dismissed the appeal for want of a final appealable order in our decision of October 26, 2018. *Tax Ease Ohio,* 2d Dist. Montgomery No. 27920, 2018-Ohio-4346, ¶ 19 and 27. Specifically, we found that the trial court had not resolved the issue of whether the federal government held valid liens against Appellants' real property. *Id.* at ¶ 19; *see also* Complaint, Montgomery C.P. No. 2016 CV 03207 (June 24, 2016), ¶ 10 and Ex. D.

{¶ 17} On April 8, 2019, the trial court filed an amended judgment in which it restated and supplemented the findings of fact and conclusions of law presented in its previous entry. The court did not include any analysis in its amended judgment, though the analysis it had offered in its previous entry was implicitly incorporated into the amended judgment by operation of law. *See Dibert v. Carpenter*, 2017-Ohio-689, 85 N.E.3d 419, ¶ 49 (2d Dist.), citing *Lingo v. Ohio Cent. RR., Inc. v. Norfolk S. Ry.*, 10th Dist. Franklin No. 05AP-206, 2006-Ohio-2268, ¶ 17 (noting that when a court enters its final judgment in a case, "all interlocutory orders are merged into [that] judgment"). Appellants argue that the court erred by entering judgment in favor of Tax Ease because the evidence before the court did not suffice to dispose of any genuine dispute over the question of whether Tax Ease had standing under R.C. 5721.37 to commence an action for foreclosure. *See* Appellants' Brief 13-16.

{¶ 18} Pursuant to Civ.R. 56, summary judgment is proper only when: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party.   *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).   The substantive law of the claim or claims being litigated determines whether a fact is "material."   *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶ 19} Initially, the movant bears the burden of establishing the absence of any genuine dispute of material fact.   *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).   The movant may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose.   *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).   If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried.   *Id.* at ¶ 6.   The non-moving party, in satisfying this requirement, may not rely merely upon the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)."   *Dresher* at 293, citing Civ.R. 56(E); *Dalzell* at ¶ 6.   On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo.   *Dalzell* at ¶ 6, citing *Schroeder v. Henness,* 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42.

{¶ 20} Appellants' argument concerns the definition of the term "certificate holder," which R.C. 5721.30(C) defines as "a person, including a county land reutilization corporation, [who] purchases or otherwise acquires a tax certificate under [R.C.] 5721.32, 5721.33, or 5721.42 * * *, or a person to whom a tax certificate has been transferred pursuant to [R.C.] 5721.36." This definition is pivotal for Appellants' challenge to the trial court's judgment because, under R.C. 5721.36(A)(1)-(2) and 5721.37(A)(1), only the holder of a tax certificate, or the holder's "secured party," has standing to initiate an action for foreclosure by filing a notice of intent to foreclose with a county treasurer. Tax Ease predicated its assertion of standing on the allegation that it was the holder of Tax Certificate Nos. 2013-0000000044, 2013-0000000364, 2014-0000000349 and 2015-0000000300, having purchased them from the Montgomery County Treasurer pursuant to R.C. 5721.33. *See* Complaint, Montgomery C.P. No. 2016 CV 03207 (June 24, 2016), ¶ 2-4, 11-12 and Ex. A.

{¶ 21} According to Appellants, "US Bank is plainly listed as the certificate purchaser" on the four tax certificates in question, and citing the definition of the term "certificate holder" in R.C. 5721.30(C), they maintain that US Bank is therefore "the only person [sic] entitled to enforce the certificates." Appellants' Brief 15. The certificates, however, state that they were purchased by "US Bank <u>as custodian for Tax Ease Ohio, LLC</u>."[8] (Emphasis added.) Complaint, Montgomery C.P. No. 2016 CV 03207 (June 24, 2016), Ex. A.

{¶ 22} Before the trial court, Appellants argued in opposition to Tax Ease's motion

---

[8] *See* fn. 1, above.

for summary judgment that "the involvement of US Bank as custodian indicates that [Tax Ease does not have] legal title to the certificates," but instead, that Tax Ease "holds [sic] only some sort of equitable interest in the certificates or [in] their proceeds."   Defendants' Memorandum Contra Plaintiff's Motion for Summary Judgment 3, Dec. 15, 2017.   Appellants offered no rationale for their dubious argument that the word "custodian" necessarily reflected the existence of a trust, apart from a citation to case law for the accurate, though unenlightening, proposition that the trustee holds legal title to the corpus of a trust.   *See id.* at 3-4, citing *Goralsky v. Taylor*, 59 Ohio St.3d 197, 198, 571 N.E.2d 720, (1991).   On appeal, they seem to have abandoned this argument altogether. Appellants' Brief 13-16.

**{¶ 23}** In any event, the word "custodian" is a "[g]eneral term [used] to describe anyone who has charge or custody of property," and the word "custody" refers to "[i]mmediate charge and control [over something], [but] not [the] final, absolute control of ownership."   *Black's Law Dictionary* 347 (5th Ed.1979).   The indication that the certificates were purchased by US Bank "as custodian" for Tax Ease is, accordingly, not equivalent to an indication that the certificates were purchased by US Bank "as trustee" for Tax Ease.   R.C. 1111.11, for example, expressly distinguishes between trustees and custodians; the statute permits a "trust company [to] receive and hold moneys [sic] or property, in trust <u>or as custodian</u>, from executors, administrators, assignees, guardians, trustees, corporations," or individual persons.   (Emphasis added.)   *See also, e.g.*, R.C. 123.13 (stating that "the director of administrative services shall have the custody and control of the books, records, papers, surveys, maps, plats, and documents that pertain to any of the public works of this state"); R.C. 1513.08(I) (stating that the "performance

security" filed by an applicant for a coal mining and reclamation permit "may be held in trust, provided that the state is the primary beneficiary of the trust and [provided that] the custodian of the performance security held in trust is a bank, trust company, or other financial institution that is licensed and operating in this state"); R.C. 1733.04(A)(7) (stating that a credit union may "act as trustee or custodian, * * *, under any written trust instrument or custodial agreement * * * forming part of a tax-advantaged savings plan that qualifies for specific tax treatment" pursuant to certain sections of the Internal Revenue Code); *Carnegie Capital Mgt. Co. v. Limbach*, 77 Ohio App.3d 74, 76, 601 N.E.2d 104 (8th Dist.1991) (discussing an arrangement in which securities traders purchased securities on behalf of investment companies, with the purchased securities being delivered to a bank "as custodian for the investment companies").

{¶ 24} Here, Tax Ease presented the trial court with summary judgment evidence establishing that it purchased the tax certificates identified in its complaint from the Montgomery County Treasurer and that it retains possession of them. The evidence consisted not only of the affidavit executed by Sarah Timmons, in which Timmons averred that Tax Ease has possession of the certificates, but also of the certificates themselves, which are self-authenticating under Evid.R. 902(4). Appellants, for their part, offered no rebuttal evidence in satisfaction of their reciprocal burden to demonstrate a genuine dispute regarding these material facts.

{¶ 25} Consequently, we find that the evidence presented to the trial court sufficed to demonstrate the absence of any genuine dispute regarding the facts material to Tax Ease's complaint. The evidence proved that Tax Ease is the holder of the certificates, which as a matter of law, invested Tax Ease with standing to pursue its action for

foreclosure. *See* 5721.30(C), 5721.36(A)(1)-(2) and 5721.37(A)(1). As a result, we find that the trial court did not err by granting summary judgment in favor of Tax Ease. Appellants' second assignment of error is overruled.

**{¶ 26}** For their third assignment of error, Appellants contend that:

> THE TRIAL COURT ERRED FINDING [sic] THAT THE STATE OF
> OHIO HAD VALID LIENS ON PROPERTY [sic] IN AMOUNT [sic] SHOWN
> ON PRELIMINARY [sic] JUDICIAL REPORT.

**{¶ 27}** Finally, Appellants argue that the State did not prove that it held any valid liens against the interest of Appellant, Rick Wells, in Parcel No. K50 02509 0040, and that the related provisions of R.C. 2329.192 are unconstitutional. *See* Appellants' Brief 17-24. The trial court recognized the validity of four liens held by the State in its final judgment.[9] Amended Judgment Entry and Decree of Foreclosure 3, Apr. 8, 2019.

**{¶ 28}** Because R.C. 2329.192(B)(3) affirmatively required that the trial court "take judicial notice" of the State's liens, the statute, if constitutional, is dispositive of this assignment of error. Appellants insist that the statute is not constitutional because it conflicts with the Rules of Civil Procedure and the Rules of Evidence, and because it applies not only to special statutory proceedings, but also " '[i]n every action seeking the judicial sale of real estate that is subject to a state lien.' " Appellants' Brief 20-24, quoting R.C. 2329.192(B); *see also* Civ.R. 1(C)(8) (stating that the civil rules "shall not apply to

---

[9] The liens appear in the docket of the Montgomery County Court of Common Pleas as Case Nos. 2014 SCJ 101157, 2014 SCJ 101899, 2015 SCJ 116710 and 2016 SCJ 125204. In its final judgment, the trial court recognized the validity of the liens by reference to the preliminary judicial report filed by Tax Ease on June 24, 2016, and the final judicial report filed by Tax Ease on September 6, 2016. Amended Judgment Entry and Decree of Foreclosure 3.

procedure" in "special statutory proceedings").

{¶ 29} A litigant "may challenge a statute as unconstitutional either on its face or as applied to a particular set of facts." *State v. Philpotts*, 2019-Ohio-2911, 132 N.E.3d 743, ¶ 17 (8th Dist.), citing *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17. In a "facial challenge, the party challenging a statute must demonstrate that * * * the law is unconstitutional in all of its applications." *Id.*, citing *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). By contrast, "[i]n an as-applied challenge, the challenger [must demonstrate that] the application of the statute in the particular [circumstances]" of the challenger's case is unconstitutional. *Id.*, citing *Lowe* at ¶ 17.

{¶ 30} Appellants fail to specify whether they challenge the constitutionality of R.C. 2329.192 on its face or as applied, but they have demonstrated neither that the statute is unconstitutional in all of its applications, nor that its application is unconstitutional in the instant case. *See* Appellants' Brief 17-24. Although Appellants argue that the statute impermissibly conflicts with the Rules of Civil Procedure, Civ.R. 1(C)(8) establishes that the civil rules "shall not apply to procedure" in "special statutory proceedings," and tax foreclosure actions are special statutory proceedings. (Citations omitted.) *In re Foreclosure of Liens*, 11th Dist. Lake No. 2014-L-102, 2015-Ohio-1258, ¶ 23. Appellants also argue that the provisions of R.C. 2329.192(B)(3) conflict with Evid.R. 201 by "mandat[ing] [the] facts [of which] the courts must take judicial notice"—by which they mean the existence and validity of the State's liens—but the liens themselves are self-authenticating under Evid.R. 902. As self-authenticating public records, the trial court would have had to take judicial notice of them pursuant to Civ.R. 201(A)-(B) and (D), and

accordingly, the provisions of R.C. 2329.192(B)(3) did not conflict with Evid.R. 201.

**{¶ 31}** Here, the application of R.C. 2329.192 was not unconstitutional, and concomitantly, the statute's constitutionally permissible application in this case demonstrates that even if it were arguably unconstitutional in certain circumstances, it is not "unconstitutional in all of its applications." *Philpotts* at ¶ 17. The trial court, then, did not err by recognizing the validity of the State's liens, as required by R.C. 2329.192(B)(3). Appellants' third assignment of error is overruled.

### III. Conclusion

**{¶ 32}** We find that the trial court did not abuse its discretion by overruling Appellants' motion to strike because Sarah Timmons had sufficient personal knowledge to support her averment that Tax Ease has possession of the tax certificates identified in the complaint. Furthermore, we find that the trial court did not err by entering summary judgment in favor of Tax Ease because the evidence before the court established, to the exclusion of any genuine factual dispute, that Tax Ease is the holder of the certificates, and finally, we find that Appellants have not shown that R.C. 2329.192 is unconstitutional on its face or as applied in this case. Therefore, the trial court's final judgment of April 8, 2019, is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Melanie Cornelius
Joseph McClandish
David T. Brady
Austin B. Barnes, III
Brian S. Gozelanczyk
Suzanne M. Godenswager
Mark M. Schonhut
Andrew M. Engel
Thomas W. Kendo, Jr.
Gabrielle R. Neal
Michele Phipps
Kevin Koller
Hon. Dennis J. Adkins