FROELICH, J.
{¶ 1} Steven and Karen Sponaugle appeal from a judgment of the Darke County Court of Common Pleas, which confirmed the sale of their property and ordered the distribution of the proceeds and delivery of the deed. The Sponaugles claim that the *357 trial court did not enter a final and appealable judgment of foreclosure, and therefore it lacked the authority to order and confirm the sale of the property. For the following reasons, the trial court's judgment confirming the sale will be reversed and the matter will be remanded for further proceedings.
I. Background and Procedural History
{¶ 2} The Sponaugles obtained three separate loans from The Farmers State Bank, and they secured the notes with mortgages on their property. It is undisputed that the Sponaugles have defaulted on the loans. In October 2013, The Farmers State Bank filed a foreclosure action against the Sponaugles and others who may have had an interest in the property.
{¶ 3} On May 21, 2014, The Farmers State Bank and the Sponaugles reached a settlement agreement. The terms of the agreement included, among other things, that (1) the trial court would enter judgment in favor of the bank in the amount of $236,378.89 plus interest, (2) that the Sponaugles would pay $120,000 on or before August 23, 2014, in exchange for which the bank would dismiss its foreclosure action; and (3) that if the Sponaugles failed to pay the $120,000, the bank's mortgage liens would be foreclosed upon and the real estate sold "in accordance with the statutes and procedures currently in effect, free and clear of all further claims of the Defendant." The trial court signed the agreement as an agreed judgment entry, entering a monetary judgment in favor of The Farmers State Bank in the amount of $236,378.86, plus interest.
{¶ 4} The Sponaugles failed to make the $120,000 payment, and the trial court ordered the property to be sold. The trial court did not enter a separate judgment of foreclosure prior to ordering the sale, and the Sponaugles contested that the agreed judgment entry constituted a judgment of foreclosure. The Sponaugles subsequently filed for bankruptcy, and the order of sale was vacated. The case was stayed due the bankruptcy action.
{¶ 5} In February 2015, after the case was reactivated and with leave of court, The Farmers State Bank filed an amended complaint, which added two defendants, American Budget Company (ABC) and Midland Funding LLC. Ultimately, in November 2015, the bank moved for summary judgment against the Sponaugles, ABC, and the Darke County Treasurer, all of whom had filed answers, and for a default judgment against the four defendants who had not filed answers. The Sponaugles obtained an extension to file a response to the motion; no responsive memorandum was filed by them or any other party.[1]
{¶ 6} On December 15, 2015, the trial court granted summary judgment in favor of The Farmers State Bank against the Sponaugles, and it ordered a default judgment against three of the non-answering defendants. The trial court ordered a trial with respect to the Ohio Department of Taxation, which also had not filed an answer. The trial court's summary judgment entry did not mention ABC or the Darke County Treasurer. On January 4, 2016, after a trial, the trial court granted judgment to the bank against the Ohio Department of Taxation.
{¶ 7} On January 12, 2016, the trial court entered a "Judgment Entry-Decree of Foreclosure." The judgment entry found that the Sponaugles owed The Farmers State Bank the sums, plus interest, of (1) $72,432.56, (2) $103,938.68, and (3) $73,456.94; the trial court granted judgment *358 to the bank in those amounts. The court further found that the three mortgage liens constituted the first, second, and third best liens on the property. The court found that the Darke County Treasurer may claim a lien on the property and that ABC claimed an interest by virtue of a certificate of judgment. The trial court ordered the equity of redemption foreclosed, that the property be sold, and set forth the priority of the claims against the property (the Darke County Treasurer tax lien, The Farmers State Bank's three mortgage liens, then ABC's certificate of judgment).
{¶ 8} The Sponaugles appealed from the judgment and decree of foreclosure. The Farmers State Bank v. Sponaugle , 2d Dist. Darke No. 16CA2 ("Sponaugle I "). They also asked the trial court to stay the judgment of foreclosure. The trial court granted the stay on the condition that the Sponaugles post a $141,458.94 supersedeas bond. The Sponaugles failed to post the bond, and a sheriff's sale was conducted on February 26, 2016. The Farmers State Bank purchased the property for $85,334.
{¶ 9} On March 10, 2016, we issued a show cause order in Sponaugle I , questioning whether the trial court's judgment and decree of foreclosure was a final appealable order. Due to the show cause order, the Sponaugles asked the trial court to set aside the sale. On March 29, the bank asked the trial court to confirm the sale and to order the distribution of the proceeds.
{¶ 10} On April 18, 2016, we dismissed Sponaugle I , finding that the January 12, 2016 judgment entry was not a final appealable order. We stated that the judgment entry did not "determine the amounts due on all the liens, namely, the liens held by American Budget Company and the Darke County Treasurer." Id. , citing Second Nat. Bank of Warren v. Walling , 7th Dist. Mahoning No. 01-CA-62, 2002-Ohio-3852, 2002 WL 1746496, ¶ 18.
{¶ 11} On April 21, 2016, the trial court denied the Sponaugles' motion to vacate the sale and granted the bank's motion to confirm the sale of the property. The trial court reasoned:
The Court finds that the proposed Entry Confirming Sale properly accounts for the amount due to the Darke County Treasurer for real estate taxes. (The Court opines that it properly granted judgment on the cross-claim of the Treasurer when adjudicating its priority, in compliance with R.C. 323.11, R.C. 323.47(B) and R.C. 5721.10 ; also, it notes that the tax amount in the Entry of Confirmation was different than one which might have been included in the Decree of Foreclosure since another half year taxes had accrued awaiting sale.)
The Court finds that default and summary judgment was properly granted against various parties previously described. Specifically, the Court finds that summary judgment is properly granted against American Budget Company since it filed an answer to the complaint, no counter-claim and no pleadings in response to the motion for summary judgment. The trial verdict was properly granted against the Ohio Department of Taxation. Finally, the Court finds that the Sale proceeds are insufficient to pay any junior lien holders.
Defendants Sponaugle have failed to properly effect a stay of the Sheriff's Sale pursuant to the Ohio Rule[s] of Civil Procedure and Ohio Rules of Appellate Procedure. Sponaugles could have attended the sale and submitted bids to protect their own interests but did not do so though aware of its date; they have not demonstrated actual prejudice by the sale's processes. Their failures *359 are not for the Court to now resolve.
{¶ 12} By separate entry on the same date, the trial court confirmed the sheriff's sale and ordered the distribution of the proceeds and the execution and deliverance of a deed to the purchaser. The order confirming the sale noted that ABC had released its certificate of judgment lien on February 26, 2016, and it specified the amounts due to the Clerk of the Darke County Court of Common Pleas, the Darke County Treasurer, the Darke County Auditor, the Darke County Recorder, the Darke County Sheriff, and The Farmers State Bank.
{¶ 13} The Sponaugles appeal from the April 21, 2016 orders, claiming that the "trial court erred in confirming the February 26, 2016 sheriff's sale."
II. Trial Court's Ability to Confirm Sale
{¶ 14} On appeal, the Sponaugles argue that the January 12, 2016 judgment and decree of foreclosure was not a final appealable order, and therefore the trial court could not execute on that judgment by ordering the sale of their property and confirming the sale. The Sponaugles assert that execution on a non-final judgment is contrary to Ohio Supreme Court and appellate case law, the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions, and R.C. 2329.09 (allowing for the sale of personal and real property of a judgment debtor).
{¶ 15} The Farmers State Bank responds that the January 12, 2016 judgment was a final appealable order, and thus the trial court correctly confirmed the sale of the Sponaugles' property. The bank further asserts that, because the judgment was a final order, R.C. 2329.09 permitted the confirmation of sale. Finally, The Farmers State Bank claims that the Sponaugles agreed to the sale of the property in the May 21, 2014 agreed judgment entry, and therefore any error by the trial court is "harmless." Specifically, the bank states that the agreed judgment entry identified lienholders without itemizing the amounts to which they were entitled, and thus the Sponaugles waived any objections they may have to a decree of foreclosure that failed to itemize the amounts to be paid to the various claimants from the sheriff's sale.
{¶ 16} At the outset, we reject The Farmers State Bank's contention that the January 12, 2016 judgment of foreclosure was, in fact, a final appealable order. This issue was decided in Sponaugle I.
{¶ 17} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan , 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Citations omitted.) Id . We explained in L.G. Harris Family Ltd. Partnership I v. 905 S. Main St. Englewood, L.L.C ., 2d Dist. Montgomery No. 26682, 2016-Ohio-7242, 2016 WL 5887168 :
The law of the case doctrine is subject to very limited exceptions. One such exception is that "while a trial court cannot alter the law of the case as mandated by an appellate court, * * * an appellate court may choose to reexamine the law of the case it has itself previously created, *360 if that is the only means to avoid injustice. However, such reexaminations must not be undertaken lightly by an appellate court, nor encouraged as a common course of conduct for unsuccessful litigants." (Citation omitted.) Weaver v. Motorists Mut. Ins. Co., 68 Ohio App.3d 547, 549, 589 N.E.2d 101 (2d Dist. 1990).
(Additional citations omitted.) L.G. Harris Family Ltd. Partnership at ¶ 52.
{¶ 18} The Farmers State Bank did not file a memorandum in Sponaugle I addressing the show cause order, nor did it appeal our judgment of dismissal in Sponaugle I to the Ohio Supreme Court. Having foregone the opportunity to argue in Sponaugle I and to the Ohio Supreme Court that the January 12, 2016 was a final appealable order, and in the absence of intervening case law on this issue, we find that it is not unjust for us to apply the law of the case doctrine here. See Hawley v. Ritley , 35 Ohio St.3d 157, 519 N.E.2d 390 (1988). We do not find that this situation presents an extraordinary circumstance that would warrant reconsideration of our prior ruling.
{¶ 19} Second, we disagree with The Farmers State Bank that the Sponaugles waived any challenge to the sale of their property when they entered into a settlement agreement with the bank in May 2014. By its express terms, the settlement agreement/ agreed judgment entry provided that, if the Sponaugles failed to pay the $120,000, the bank's mortgage liens "shall be foreclosed upon with said real estate to be sold in accordance with the statutes and procedures currently in effect, free and clear of all further claims of the Defendants." The concluding paragraph of the agreed judgment entry further stated:
Upon failure of Defendants, STEVEN SPONAUGLE and KAREN SPONAUGLE, to comply with the terms of this Agreed Judgment Entry, a Judgment Decree of Foreclosure shall be filed and an Order of Sale shall thereafter issue to the Sheriff of Darke County, Ohio, to facilitate the sale of the real property described in the Plaintiff's Complaint and Amended Complaint.
(Italics added.) Under the terms of the agreed judgment entry, the Sponaugles did not agree to the sale of their property without a judgment of foreclosure and compliance with the statutory procedures for the sale of foreclosed property.
{¶ 20} Finally, we agree with the Sponaugles that the trial court lacked the authority to confirm the sale of their property in the absence of a final appealable order and that its decision to do so was an abuse of discretion.
{¶ 21} "A foreclosure action is a two-step process, the first part of which ends with the judgment and decree of foreclosure, which is a final appealable order. * * * The second part of the process involves the sale of the property, culminating in a confirmation of sale and dispersal of the proceeds." Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co. , 2d Dist. Montgomery No. 24843, 2012-Ohio-3387, 2012 WL 3061268, ¶ 18, citing Mid-State Trust IX v. Davis , 2d Dist. Champaign No. 07-CA-31, 2008-Ohio-1985, 2008 WL 1838350, ¶ 23-25. See Countrywide Home Loans Servicing, L.P. v. Nichpor , 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, ¶ 6.
{¶ 22} A suit for foreclosure of the mortgage "constitutes a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction, and no more." Wells Fargo Bank, N.A. v. Young , 2d Dist. Darke No. 2009 CA 12, 2011-Ohio-122, 2011 WL 245788, ¶ 28, quoting *361 Carr v. Home Owners Loan Corp ., 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947). The final judgment in a foreclosure proceeding "will determine the rights of all the parties in the premises sought to be foreclosed upon." Marion Production Credit Assn. v. Cochran , 40 Ohio St.3d 265, 270, 533 N.E.2d 325 (1988). And, upon the entry of a judgment of foreclosure, the trial court must order the property to be sold. See R.C. 2323.07.
{¶ 23} R.C. Chapter 2329 governs execution against property. "The primary purpose and goal of a foreclosure sale is to protect the interests of the mortgagor-debtor while, at the same time, ensuring that the secured creditors receive payment for unpaid debts." Young at ¶ 30, citing Ohio Sav. Bank v. Ambrose , 56 Ohio St.3d 53, 56, 563 N.E.2d 1388 (1990) and Huntington Natl. Bank v. Burch , 157 Ohio App.3d 71, 2004-Ohio-2046, 809 N.E.2d 55, ¶ 36 (2d Dist.). "The appraisal of the foreclosed property, the sheriff's sale, and the confirmation of that sale have been described as special proceedings to enforce an order of sale and decree of foreclosure." Nichpor at ¶ 6, quoting Triple F Invests. v. Pacific Fin. Serv., Inc ., 11th Dist. Portage No. 2000-P-0090, 2001 WL 589343, *3 (June 2, 2001). Prior to confirming the sale of the property, the trial court must determine that the sale of property was made, in all respects, in conformity with R.C. 2329.01 to R.C. 2329.61. R.C. 2329.31 ; Burch at ¶ 15 ; see CitiMortgage, Inc. v. Roznowski , 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40 ("The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law.").
{¶ 24} Generally, a trial court's decision to confirm or refuse a judicial sale will not be reversed by a reviewing court absent an abuse of discretion. Sutton Funding LLC. v. Herres , 2d Dist. Montgomery No. 26530, 2015-Ohio-3609, 2015 WL 5175178, ¶ 17. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, "[n]o court-not a trial court, not an appellate court, nor even a supreme court-has the authority, within its discretion, to commit an error of law." State v. Beechler , 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 70.
{¶ 25} The Ohio Supreme Court has held that, until all of the claims and counterclaims in a foreclosure action have been resolved, a trial court errs in allowing the foreclosure and subsequent sale of the mortgaged premises. Marion Production Credit Assn. , 40 Ohio St.3d at 270, 533 N.E.2d 325. In Marion Production Credit Assn ., the trial court permitted the foreclosure of the mortgage and sale of the property, despite the fact that a counterclaim remained pending. As a result, no final appealable order had been entered. The Supreme Court stated that "the execution of all judgments determined upon a single claim should be stayed pending a final determination of the entire action as to all parties." (Emphasis in original). Id.
{¶ 26} We have likewise held that a trial court cannot execute on a judgment that is not final and appealable. See State ex rel. Electrolert, Inc. v. Lindeman , 99 Ohio App.3d 154, 650 N.E.2d 137 (2d Dist. 1994). In an original action for a writ of prohibition and/or mandamus, we held that the trial judge's orders in aid of execution of an interlocutory cognovit judgment were unlawful where no final judgment had been rendered on all of an intervening party's claims. We noted that, absent an express determination pursuant to Civ.R. 54(B), a judgment adjudicating fewer than all of the claims or parties does not terminate the action with respect to any party or claim, and that judgment is subject to *362 revision throughout the remainder of the proceedings. Id. at 157, 650 N.E.2d 137. In granting a writ of prohibition, we reasoned that "[o]ne cannot execute on a claim absent a final judgment as to that claim." Id. at 157-158, 650 N.E.2d 137.[2]
{¶ 27} More recently, in Aselage v. Lithoprint, Ltd ., 2d Dist. Montgomery No. 23527, 2009-Ohio-7036, 2009 WL 5199325, we held that a municipal court could not execute on a summary judgment granted by the common pleas court. We stated that, because counterclaims remained in the common pleas court action and the common pleas court did not certify the judgment pursuant to Civ.R. 54(B), the common pleas court judgment was a "non-final, interlocutory order not capable of execution." Aselage at ¶ 28-29, citing Nwabara v. Willacy , 8th Dist. Cuyahoga No. 71122, 1997 WL 186842 (Apr. 17, 1997) ("It is axiomatic that a non-final, interlocutory order is not capable of execution.").
{¶ 28} Other appellate districts have held similarly. See, e.g., Franklin Mgt. Industries, Inc. v. Motorcars Infiniti, Inc ., 8th Dist. Cuyahoga No. 93630, 2010-Ohio-1871, 2010 WL 1717995, ¶ 14 ("In Ohio, it is well settled that an interlocutory order is one that is not final, and thus, not capable of execution."); Wheeler v. Ohio State Univ. Med. Ctr ., 4th Dist. Scioto No. 03CA2922, 2004-Ohio-2769, 2004 WL 1189125 ("OSU is correct in noting that non-final, interlocutory orders are not capable of execution."); Profancik v. Short's Athletic Club, Inc. , 9th Dist. Wayne No. 2744-M, 1998 WL 887226 (Dec. 16, 1998) (trial court's entry of default judgment, which did not dispose of all claims against defendant and did not include Civ.R. 54(B) certification, was not a final appealable order and, thus, was not capable of execution through garnishment).
{¶ 29} The Sponaugles further claim that R.C. 2329.09 specifically requires a final appealable order in order for the trial court to order the sale of foreclosed property. R.C. 2329.09 provides, in part: "The writ of execution against the property of a judgment debtor issuing from a court of record shall command the officer to whom it is directed to levy on the goods and chattels of the debtor." (Emphasis added.)
{¶ 30} We agree that the Sponaugles cannot be judgment debtors absent a final judgment. In Roach , the Ohio Supreme Court stated, "In order to have a judgment lien, there must be a final judgment for the payment of a definite and certain amount of money which may be collected by execution on property of the judgment debtor." Roach v. Roach , 164 Ohio St. 587, 592, 132 N.E.2d 742 (1956).
{¶ 31} Based on the foregoing authority, we conclude that the trial court erred when, in the absence of a final appealable decree of foreclosure, it denied the Sponaugles' motion to vacate the February 26 sale and confirmed the sale of the Sponaugles' property. In light of this determination, we need not reach the Sponaugles' constitutional claims, and we decline to address them.
*363 {¶ 32} The Sponaugles' assignment of error is sustained.
III. Conclusion
{¶ 33} The trial court's judgment confirming the sale will be reversed, and the matter will be remanded for further proceedings. On remand, the trial court is instructed to vacate the confirmation of sale and order the deed to be returned to the Sponaugles. See Fannie Mae v. Hicks , 2016-Ohio-8484, 77 N.E.3d 380 (8th Dist.) (protections of R.C. 2325.03 and R.C. 2329.45 do not apply to party-purchasers in a foreclosure sheriff's sale). Upon the entry of a final appealable judgment and decree of foreclosure, the trial court may again order the sale of the property.
DONOVAN, J., concurs.

The Sponaugles later sought reconsideration of the summary judgment ruling and an opportunity to file a responsive memorandum. Those requests were denied.

In State ex rel. Hawes-Saunders Broadcast Props., Inc. v. Hall , 2d Dist. Montgomery No. 19552, Decision and Entry (Oct. 9, 2002), we overruled State ex rel. Electrolert, Inc. v. Lindeman to the extent that Electrolert held that a trial judge lacks jurisdiction to issue an order in aid of execution of a non-final judgment. Hawes-Saunders Broadcast Props . affected only whether the issuance of an order in aid of execution of an interlocutory judgment warranted an extraordinary writ, not whether the order in aid of a non-final judgment was error, which is the issue before us here. We stated, "Although it may be error for a trial court to execute on a non-final order, in neither Roach [v. Roach , 164 Ohio St. 587, 132 N.E.2d 742 (1956) ] nor Marion did the Ohio Supreme Court hold that a trial court lacks jurisdiction to do so. Not all error is jurisdictional * * *."