[Cite as *Montgomery Cty. Treasurer v. Islamic Ctr. of Peace*, 2018-Ohio-5162.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|                                      |     |                                      |
| ------------------------------------ | --- | ------------------------------------ |
| CAROLYN RICE, TREASURER OF MONTGOMERY COUNTY, OHIO | :   |                                      |
|                                      | :   |                                      |
|                                      | :   | Appellate Case No. 27986             |
| Plaintiff-Appellee                   | :   |                                      |
|                                      | :   | Trial Court Case No. 2017-CV-3927    |
| v.                                   | :   |                                      |
|                                      | :   | (Civil Appeal from                   |
| ISLAMIC CENTER OF PEACE, INC., et al. | :   |  Common Pleas Court)                 |
|                                      | :   |                                      |
|                                      | :   |                                      |
| Defendant-Appellant                  | :   |                                      |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of December, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

WORRELL A. REID, Atty. Reg. No. 0059620, 6718 Loop Road, #2, Dayton, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The Islamic Center of Peace Inc. appeals from a judgment of the Montgomery County Court of Common Pleas, which foreclosed its interest in property and ordered that the property be sold. We conclude that the trial court did not enter a final and appealable judgment of foreclosure because it failed to determine the priority and amount of the liens on the property. This means that we lack jurisdiction to review the judgment, so we dismiss.

## I. Facts and Proceedings

{¶ 2} On August 22, 2017, the Montgomery County Treasurer, Carolyn Rice, filed a complaint for foreclosure of delinquent real-estate taxes against the Islamic Center of Peace Inc., American Tax Funding, LLC, and the Montgomery County Recorder. The complaint alleged that $77,434.66 in taxes, assessments, charges, and penalties was owed on real property owned by the Islamic Center. The complaint also alleged that American Tax Funding might have an interest in the property and that the Recorder might have an interest by virtue of a "Recorder's Lien Record Delinquent Tangible Personal Property Taxes." American Tax Funding did not respond. The Recorder filed an answer stating that it "may have an interest" in the property and asking that its interest be protected. The Islamic Center filed an answer, as well as counterclaims for violations of the Ohio Constitution and due process and for retroactive abatement of real estate taxes based on nonprofit exempt status under R.C. Chapter 5709. The trial court (on the Treasurer's motion) dismissed the counterclaims.

{¶ 3} The Treasurer moved for summary judgment. The affidavit supporting the motion stated that, to date, $80,126.79 in delinquent real-estate taxes were due and

owing on the property. The trial court sustained the motion and entered summary judgment for the Treasurer. The court concluded that the pleadings and affidavit demonstrated that no genuine issue of material fact existed as to whether the Islamic Center owed delinquent real estate taxes in the amount stated in the affidavit. The court also concluded that there was no genuine issue of material fact as to any of the Islamic Center's affirmative defenses.

{¶ 4} On May 4, 2018, the trial court entered a final judgment of foreclosure, which incorporated by reference both the dismissal decision and the summary-judgment decision. The judgment stated that the Recorder's interest was "valid and protected" and that the priority of the Recorder's lien "will be determined by this Court at a later date." The judgment foreclosed the interests of American Tax Funding and the Islamic Center and ordered that the property be sold.

{¶ 5} The Islamic Center appealed.

## II. Analysis

{¶ 6} The Islamic Center assigns two errors to the trial court that challenge its foreclosure decision, but first we must decide whether we have jurisdiction to consider this challenge.

{¶ 7} We entered an order on May 23, 2018, questioning whether the judgment of foreclosure is a final and appealable order. We pointed out that the judgment failed to set forth both the priority of the liens on the property and the amount of the Recorder's lien. We ordered the parties to address the finality of the judgment in their merit briefs. The Islamic Center did so briefly in its reply brief, indicating that it thought that the judgment of foreclosure was not final and appealable. The Treasurer did not address the issue in

its brief or otherwise.

{¶ 8} The Ohio Supreme Court has said that "for a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 20. The rights of the lienholders include the priority of the liens, which is why we have said that, "[g]enerally, 'in a foreclosure action when the trial court fails to make a determination as to the priority of liens asserted against the property, the trial court's order of foreclosure and sale is not a final, appealable order.' " *Carolyn Rice, Treasurer v. Osborne*, 2d Dist. Montgomery No. 26978, *2 (May 10, 2016), quoting *Wells Fargo Bank, N.A. v. Allen*, 2012-Ohio-175, 969 N.E.2d 309, ¶ 10 (8th Dist.). In a recent line of decisions, a majority of this Court concluded that a trial court's original judgment of foreclosure was not a final and appealable order where the court failed to determine the amount of a tax lien, as well as the amount claimed by virtue of a certificate of judgment. *See Farmers State Bank v. Sponaugle*, 2017-Ohio-4322, 92 N.E.3d 355, ¶ 10 (2d Dist.),[1] citing *Farmers State Bank v. Sponaugle*, 2d Dist. Darke No. 16CA2 (Apr. 18, 2016). *See also Ocwen Loan Servicing, LLC v. Malish*, 2018-Ohio-1056, 109 N.E.3d 659, ¶ 5 (2d Dist.) (concluding that a trial court's judgment of foreclosure that failed to state the amount of tax liens was not a final, appealable order). We dismissed the first

---

[1] The present author dissented and would have found the judgment of foreclosure final and appealable despite the failure to specify the amount of the tax lien. *See Sponaugle* at ¶ 42 (Hall, J., dissenting). The Ohio Supreme Court has accepted the bank's appeal of our decision. One of the propositions of law that the Court agreed to consider is whether "[a] foreclosure decree which determines liability and the amount due the first mortgagor and leaves the remaining amounts to mechanical calculation is a final order subject to execution." *Farmers State Bank v. Sponaugle*, 152 Ohio St.3d 1405, 2018-Ohio-723 (Case No. 2017-1377).

*Sponaugle* appeal for this reason. *See Sponaugle*, 2017-Ohio-4322, 92 N.E.3d 355, at ¶ 10.

**{¶ 9}** The judgment of foreclosure here does not address all the rights of the lienholders or all the responsibilities of the Islamic Center. The trial court found that there were two liens on the property—a delinquent tax lien held by the Treasurer and a "Recorder's Lien Record Delinquent Tangible Personal Property Taxes," filed on December 2, 2002, and held ostensibly by the Recorder. But the court failed to determine the priority of the liens, saying only that it would determine the priority of the Recorder's lien later. And while the trial court did determine the amount of the Treasurer's lien, it did not determine the amount of the Recorder's lien, although that may be a ministerial function.

**{¶ 10}** If the task of determining the amount of a lien is ministerial, the failure to do so does not affect the finality of the judgment. The Ohio Supreme Court held in *Roznowski* that "a judgment decree in foreclosure that includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment is a final, appealable order." *Roznowski* at ¶ 19. The Court said that, though the trial court did not specify the actual amounts due, it did state what the mortgagors would be liable for. This meant that "[e]ach party's rights and responsibilities were fully set forth—all that remained was for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings." *Id.* at ¶ 20. Here, as the basis for the Recorder's interest, the complaint refers to the "Recorder's Lien Record Delinquent Tangible Personal Property Taxes filed December 2, 2002 as PTAX-02-149019"

(*Complaint*, ¶ 6), so all that remained to be done was to look up the lien amount.

{¶ 11} We did just that on the Recorder's website. There we found the record for the 2002 lien referred to in the complaint, which included an image of the original document that was filed. The document bears the caption "Recorder's Lien Record Delinquent Tangible Personal Property Taxes" and states that the total balance of the lien is $177.54. It is unclear why, exactly, the lien was filed. It appears, though, that the amount reflects personal property taxes owed by Archon Realty Inc., which owned the property at the time. The document lists Archon's name, and the website record lists Archon Realty as a Mortgagor. Most interesting, though, is that the Montgomery County Treasurer is listed as a Mortgagee.

{¶ 12} Thus, it appears that the Treasurer is also the party in interest to collect the "Recorder's Lien." Indeed, it appears that the Recorder has no interest in the property at all. Evidently, neither the trial court nor the parties realized that this lien does not represent an interest held by the Recorder. Apparently, not even the Recorder realized this, since in its answer the Recorder states that it "may have an interest" in the property. That the Recorder appears not to have any interest in the property makes us question whether the Recorder is a proper party. We also question whether the "Recorder's Lien" filing is sufficient to constitute a lien on the property. Finally, even if all our concerns are misplaced, we fail to see how the lien has anything to do with this foreclosure. The lien is not connected to any of the parties. The only connection to this case appears to be that the subject property was at one time owned by Archon Realty.

{¶ 13} But all these observations are outside the record and are not at issue, and we note them only so they may be addressed on remand. The trial court found that the

Recorder had a valid interest, and we accept that finding at least for the record of this appeal.

### III. Conclusion

{¶ 14} The trial court here determined neither the amount of the "Recorder's Lien" nor the priority of the liens. As such, the judgment entry of foreclosure is not a final, appealable order, and we lack jurisdiction to review it. *See Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, at ¶ 10, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989) (" 'If an order is not final, then an appellate court has no jurisdiction.' ").

{¶ 15} This appeal is dismissed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck
Michele D. Phipps
Worrell A. Reid
Adam Laugle
Hon. Mary Katherine Huffman