[Cite as *State v. McIntyre*, 2024-Ohio-6094.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     30039 |
| | | 30280 |
| Appellee | | |
| | | |
| v. | | |
| | | APPEAL FROM JUDGMENT |
| LEWIS LEROY MCINTYRE, JR. | | ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| Appellant | | COUNTY OF SUMMIT, OHIO |
| | | CASE No.     CR 09 03 0647 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

---

HENSAL, Judge.

{¶1}  Lewis Leroy McIntyre appeals a sentencing entry of the Summit County Court of Common Pleas.  For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2}  In 2009, a jury found Mr. McIntrye guilty of one count of tampering with evidence, one count of petty theft, one count of tampering with records, and one count of obstructing justice. On appeal, this Court affirmed his convictions and sentence, except for concluding that the obstruction-of-justice offense was only a misdemeanor because the jury had not found the aggravating elements required to elevate it to a felony.  This Court later reopened Mr. McIntyre's appeal and determined that the trial court should have also determined whether the offenses were allied.

{¶3}  On remand, the trial court determined that Mr. McIntyre's tampering offenses were allied, so it merged them and resentenced him.  On appeal, this Court explained that the trial court

should have considered whether all the offenses should merge, not only the tampering ones. Accordingly, although this Court rejected Mr. McIntyre's other arguments, it remanded the case again for further proceedings.

{¶4} Before the trial court resentenced Mr. McIntyre again, he filed additional motions. Based on one of those motions, the trial court declared a mistrial on the obstruction of justice count. It proceeded to sentence Mr. McIntyre for one of the tampering offenses and the petty-theft offense. On appeal, this Court vacated the trial court's judgment again because the court had gone outside the scope of this Court's remand instructions when it granted Mr. McIntyre's motion for mistrial.

{¶5} On remand, the trial court conducted an allied offense analysis and concluded that only the tampering offenses should merge. It sentenced Mr. McIntyre to 36 months for tampering with evidence, 180 days for petty theft, and six months for obstructing justice. It also ordered all the sentences to run concurrently. Mr. McIntyre has appealed, assigning four errors. We will address Mr. McIntyre's second assignment of error last because it is affected by our resolution of his fourth assignment of error.

II.

ASSIGNMENT OF ERROR I

AFTER THE NINTH DISTRICT'S PRIOR REMAND INVALIDATED THE TRIAL COURT'S GRANTING OF A MISTRIAL AND DISMISSAL OF AN UNDISPOSED CHARGE, THERE STILL REMAINS A SUBSTANTIVELY UNDISPOSED CHARGE, THUS NO FINAL APPEALABLE ORDER.

{¶6} In his first assignment of error, Mr. McIntyre asks this Court to reconsider its decision in his last appeal when it concluded that the trial court's original sentencing entry was a final appealable order. Mr. McIntyre notes that he was originally charged with two counts of obstructing justice. According to him, the trial court dismissed one of the counts during the trial,

but mistakenly instructed the jury as to that offense instead of the other obstructing justice offense. He, therefore, argues that there remains an undisposed obstructing justice offense in his case. Although acknowledging this Court's prior determination of finality, he asks for reconsideration because of the Ohio Supreme Court's ruling in *State v. Craig*, 2020-Ohio-455.

{¶7}     "The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 22. As Mr. McIntyre has acknowledged, this Court previously determined that the trial court's original sentencing entry was final and appealable. Mr. McIntyre argues that an exception to the law-of-the-case doctrine applies, however, because there has been an intervening decision by the Ohio Supreme Court in *Craig*. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 5 (1984).

{¶8}     In *Craig*, the Ohio Supreme Court held that "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." *Id*. at ¶ 21. Even before *Craig*, this Court had held for many years that a sentencing entry is not final and appealable if it does not dispose of every charge. *See, e.g., State v. Hayes*, 2000 WL 670672, *1 (9th Dist. May 24, 2000). *Craig*, therefore, did not change the law of this district. Nevertheless, even if it had, the trial court's original sentencing entry disposed of all five original charges against Mr. McIntyre. The entry noted that the jury had found Mr. McIntyre guilty of count one, tampering with evidence, and count two, petty theft. It noted that count three, obstructing justice, had been dismissed. It also noted that the jury had found Mr. McIntyre guilty of renumbered count three, tampering with records, and renumbered count four, obstructing justice. The entry imposed a sentence on Mr. McIntyre for all the four of the offenses of which he had been found guilty.

{¶9}   Even if the trial court submitted the wrong offenses to the jury or incorrectly wrote the disposition of each offense in its sentencing entry, those errors did not affect whether the sentencing entry was a final, appealable order.  On its face, the entry resolved every charge Mr. McIntyre was indicted for in the original and supplemental indictments.  Upon review of the record, we conclude that the trial court's original sentencing entry, and its most recent one, comply with *Craig*.  Mr. McIntyre's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY ISSUING A SENTENCE FOR OBSTRUCTION OF JUSTICE PERTAINING TO PASSING BAD CHECKS AFTER IT HAD DISMISSED THAT CHARGE IN OPEN COURT.

{¶10}  In his third assignment of error, Mr. McIntyre argues that the trial court incorrectly sentenced him for an obstructing justice offense that it had dismissed during the trial.  Count three of the original indictment charged Mr. McIntyre with obstructing justice, related to a domestic violence offense.  A supplemental indictment added count five, which was another charge of obstructing justice that related to a passing bad checks offense.  During the trial, Mr. McIntyre moved for acquittal on the domestic-violence-related obstructing justice offense.  According to Mr. McIntyre, the court instead acquitted him of the passing-bad-checks-related offense.  Later, however, it instructed the jury as to the passing-bad-checks obstructing justice offense and sentenced him for the offense.  Mr. McIntyre argues that the trial court's most recent sentencing entry continues to sentence him for an offense that was dismissed at trial.

{¶11}  The doctrine of res judicata "bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial . . . or on an appeal from that judgment."  *State v. Perry*, 10 Ohio St.2d 175

(1967), paragraph nine of the syllabus. The doctrine also bars consideration of an argument "on a second appeal following remand" if it "could have been raised on an initial appeal[.]" *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995).

{¶12} Mr. McIntyre could have raised his argument that the trial court incorrectly sentenced him on a dismissed charge in his first appeal to this Court. Consequently, his argument is barred under the doctrine of res judicata. *Id.* Mr. McIntyre's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY NOT MERGING ALL OFFENSES AS
ALLIED.

{¶13} In his fourth assignment of error, Mr. McIntyre argues that the trial court incorrectly determined that some of his offenses were not allied. "[W]hen a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense." *State v. Brinkman*, 2022-Ohio-2550, ¶ 78, quoting *State v. Williams*, 2016-Ohio-7658, ¶ 28; R.C. 2941.25.

> Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*State v. Ruff*, 2015-Ohio-995, paragraph three of the syllabus. Offenses are of dissimilar import if the defendant's conduct involves separate victims or "if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. This Court reviews "de novo whether certain offenses should be merged as allied offenses under R.C. 2941.25." *State v. Bailey*, 2022-Ohio-4407, ¶ 6.

{¶14} Initially, Mr. McIntyre argues that the trial court did not announce a sentence for the obstructing justice offense related to passing bad checks and, thus, did not conduct an allied offense analysis regarding that offense. Mr. McIntyre's argument, however, is reliant on a favorable resolution of his third assignment of error, which was barred under the doctrine of res judicata.

{¶15} Mr. McIntyre also argues that his theft and obstructing justice offenses should have merged with the tampering offenses. According to Mr. McIntyre, he was accused of taking two municipal court files home with him. He argues that all the offenses related to that continuous act and were committed upon him leaving the premises of the clerk of court. He, therefore, argues that all the offenses occurred with the same animus, at the same time, and are of similar import. Mr. McIntyre also argues that, even though he has completed his sentence for the offenses, the issue of merger remains significant because having additional convictions on his record could affect his consideration for parole for other offenses.

{¶16} Upon review of the transcripts of the sentencing hearings, it does not appear that the trial court has ever considered whether the obstruction of justice offense should merge with the other offenses. At the initial sentencing hearing and first resentencing hearing, there was no discussion of merger. At the second resentencing hearing, the trial court only discussed the two tampering offenses and the petty theft offense. There was no discussion of the obstruction charge that had not been dismissed during trial because everyone thought it was being dismissed at that hearing. At the hearing, the court also declined to examine whether the petty theft offense was allied with the other offenses because it was a misdemeanor and so any sentence on it would run concurrently. "The imposition of concurrent sentences[,]" however, "is not the equivalent of merging allied offenses." *State v. Damron*, 2011-Ohio-2268, ¶ 17.

{¶17} This Court will not perform an allied offenses analysis in the first instance unless it is apparent from the face of the record that the convictions cannot merge. *State v. Davis*, 2014-Ohio-5260, ¶ 18 (9th Dist.). Upon review of the record, we note that, before the second resentencing hearing, the State filed a notice, explaining that it was waiving any merger arguments and that the trial court should only sentence Mr. McIntyre on the first tampering count. Accordingly, it is not apparent from the record that Mr. McIntyre's convictions cannot merge. We conclude that Mr. McIntyre's sentence must be vacated, and this matter remanded again to determine at a new hearing whether the four remaining counts should merge for sentencing purposes. Mr. McIntyre's fourth assignment of error is sustained.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED BY ENGAGING IN AN UNREASONABLE DELAY IN ISSUING A SENTENCING ENTRY, LET ALONE WITHOUT CONDUCTING A RESENTENCING HEARING.

{¶18} In his second assignment of error, Mr. McIntyre argues that the trial court waited too long to resentence him after this Court's last remand. He argues that he was prejudiced by the delay because, if more of the offenses are subject to merger, then he has a better chance at receiving parole in another case.

{¶19} Whether any additional offenses should merge for sentencing purposes must be determined by the trial court in the first instance. There is also no evidence in the record that Mr. McIntyre's convictions in this case have affected his parole proceedings. Although Section 2941.25(A) prohibits multiple sentences for allied offenses, the General Assembly has not prohibited "determinations that the defendant was guilty of allied offenses." *State v. Whitfield*, 2010-Ohio-2, ¶ 26. Accordingly, we conclude that Mr. McIntyre has not demonstrated that he has

been prejudiced by the delays in the resentencing process. *See* Crim.R. 52(A). Mr. McIntyre's second assignment of error is overruled.

## III.

**{¶20}** Mr. McIntyre's fourth assignment of error is sustained. His first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for resentencing following a hearing on the issue of allied offenses.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.